86 F.3d 1174
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James Y. YBALLA, Petitioner,
v.
DEPARTMENT OF THE NAVY, Respondent.
 No. 96-3039.
 United States Court of Appeals, Federal Circuit.
 April 9, 1996.
 
 Before MICHEL, RADER, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 Decision
 
 1
 James Yballa appeals from the July 17, 1995 decision of the Merit Systems Protection Board (Board), No. SF-0752-95-0472-I-1, dismissing his appeal for lack of jurisdiction. The initial decision became final when, on October 11, 1995, the full Board denied Yballa's petition for review. This appeal was submitted for decision on the briefs on April 4, 1996. Because we discern no error in the Administrative Judge's (AJ) conclusion that Yballa failed to make a non-frivolous allegation that he did not violate his "last chance" settlement agreement with the Department of the Navy (Navy), we affirm.
 
 Discussion
 
 2
 Based on a record of unauthorized absences, the Navy proposed Yballa's removal from the position of wiper effective May 1, 1993. On May 4, 1993, however, Yballa entered into a last chance settlement agreement with the Navy to avoid removal. Yballa agreed, in pertinent part, as follows:
 
 
 3
 c. Mr. Yballa hereby voluntarily and willingly agrees to adhere to all agency rules, regulations and Ship's Orders for three (3) years from the date of this agreement in the areas of performance and conduct;
 
 
 4
 ...
 
 
 5
 f. Mr. Yballa agrees that if he violates the terms of this Last Chance Agreement, removal action will be initiated and he waives all rights to any third party review (MSPB, EEOC and/or arbitration, etc.) with respect to any and all matters which might relate or pertain to this action.
 
 
 6
 It is undisputed that Yballa later engaged in an altercation with a Navy officer while on a launch that was ferrying him back to his duty ship. The Navy removed him on February 17, 1995 for violating the settlement agreement.
 
 
 7
 On appeal to the Board, Yballa did not allege that the agency acted in bad faith, or that he did not freely enter into the agreement. Rather, Yballa alleged only that he did not breach the agreement because the altercation at issue took place during his off-duty period. He also attacked the reliability of contemporaneous statements that three launch crew member witnesses made to an officer at the scene when the launch arrived at the duty ship, as well as the reliability of the statement of the officer with whom Yballa fought. Yballa did not contest, however, that he used profanities and participated in a physical fight with the Navy officer.
 
 
 8
 The AJ concluded that the Board lacked jurisdiction over Yballa's appeal because he failed to make a non-frivolous allegation that he did not violate the settlement agreement. The AJ reasoned that, because the agency charge against Yballa did not turn on whether he was on or off duty at the time of the altercation, and he did not dispute the fact that the altercation occurred, Yballa's appeal amounted to no more than "an allegation that some of the facts may not be correctly portrayed by the agency." The AJ thus concluded that Yballa's allegation failed to satisfy the "non-frivolous" criterion, thereby precluding Board jurisdiction over the merits of his appeal.
 
 
 9
 We discern no error in the AJ's conclusion that Yballa failed to make a non-frivolous allegation that he did not breach the settlement agreement. Yballa has simply not alleged any facts that could disprove that he had a physical altercation with a Navy officer on a Navy ship, and, thus, that he did not breach the agreement. Indeed, he as much as stipulates that he breached the agreement by failing to contest that he became involved in a physical fight with the officer. We thus affirm the AJ's dismissal of Yballa's appeal for lack of jurisdiction.